COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-05-478-CR

        
2-05-479-CR

GLENN THOMAS COLEMAN JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16TH  DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Glenn Thomas Coleman Jr. appeals his convictions and sentences for possession of a controlled substance with intent to deliver on April 5, 2005, and possession of a controlled substance on April 19, 2005.  In a single point, appellant complains that the trial court abused its discretion by denying appellant’s motion for mistrial after a State’s witness testified regarding an extraneous offense that was not included in the State’s notice of intent to use other crimes, wrongs, or acts pursuant to article 37.07, rule 404(b), and rule 609(f).
(footnote: 2)  We affirm.

Appellant pleaded guilty to both offenses and elected to have the jury assess his punishment.  During the punishment phase of trial, the investigating officer testified as follows regarding the search of appellant’s vehicle in conjunction with the April 5 offense:

We asked for consent to search the vehicle.  He gave us consent.  . . .  [I]t had a camper shell on it.  
Upon searching that, we found a metal tin that contained some glass pipes of—
  [Emphasis supplied.] 

The defense objected to this testimony as “not provided to us on the 404(b) or 609 or 707
(footnote: 3) notice.”  The prosecutor offered to “move on,” and the trial court instructed the jury to disregard the answer and question at appellant’s request but denied appellant’s motion for mistrial. 

The State’s notice of intent to use extraneous offense evidence lists appellant’s drug paraphernalia possession on April 5, 2005;
(footnote: 4) therefore, we question whether the officer’s testimony was improper.  Assuming for argument’s sake, however, that the officer’s testimony was improper, the trial court’s instruction to disregard immediately following the prosecutor’s offer to “move on” cured any prejudice to appellant.
(footnote: 5)  Accordingly, the trial court did not abuse its discretion by denying the motion for mistrial.
(footnote: 6)  We overrule appellant’s point and affirm the trial court’s judgments.

PER CURIAM

PANEL F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ. 

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 14, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a)(1) (Vernon Supp. 2006); 
Tex. R. Evid.
 404(b), 609(f).

3:
Appellant asserts that “707” in the reporter’s record should be “37.07.”  For purposes of this appeal, we will assume that this assertion is correct.

4:
The first item listed in the State’s notice of intent to use evidence reads, “On or about 4/5/05, in Denton County, Texas, the defendant was in possession of marijuana 
and drug paraphernalia.
”  [Emphasis supplied.] 

5:
See Ladd v. State,
 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), 
cert. denied,
 529 U.S. 1070 (2000); 
accord Russeau v. State,
 171 S.W.3d 871, 885 (Tex. Crim. App. 2005), 
cert. denied,
 126 S. Ct. 2982 (2006).

6:
Russeau,
 171 S.W.3d at 885; 
Ladd,
 3 S.W.3d at 567.